Electronically Filed
10/7/2021 11:43 AM
Steven D. Grierson
CLERK OF THE COURT

**FAC**
MICHAEL N. AISEN, ESQ.
Nevada Bar No. 11036
AISEN, GILL & ASSOCIATES, LLP
723 S. Third St.
Las Vegas, Nevada  89101
Tel:  (702) 750-1590
Fax: (702) 548-6884
mike@aisengill.com

*Attorneys for Plaintiff*
TWAINA M. PARNELL

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

TWAINA M. PARNELL, individually;          )
                                          )   Case No.   A-21-841259-C
            Plaintiff,                    )
                                          )   Dept. No.   28
       v.                                 )
                                          )   **FIRST AMENDED COMPLAINT**
KEOLIS   TRANSIT   SERVICES,  LLC, a)
Foreign  Limited-Liability  Company, JANE)
DOE,  an  individual,  DOES I through V,)
inclusive;   and  ROE  CORPORATIONS  I)
through V, inclusive,                     )
                                          )
            Defendants.                   )

_____

       COMES NOW Plaintiff, TWAINA M. PARNELL, by and through her attorney, MICHAEL

N. AISEN, ESQ. of AISEN, GILL & ASSOCIATES, and for her causes of action against the

Defendants alleges as follows:

## I.  PARTIES

       1.       At all times mentioned herein, Plaintiff TWAINA M. PARNELL is a resident of

Clark County, State of Nevada.

       2.       At all times mentioned herein, Plaintiff is informed, believes and thereon alleges that

Defendant KEOLIS TRANSIT SERVICES, LLC, is, and at all times mentioned herein, was a

foreign corporation in Clark County, State of Nevada and owns, operates, and manages public transit

service in Clark County, State of Nevada.

3.     At all times mentioned herein, Plaintiff is informed, believes and thereon alleges that Defendant, JANE DOE, an individual, is a bus driver employed by Defendant KEOLIS TRANSIT SERVICES, LLC.

4.     Plaintiff is ignorant of the true identity and capacity of Defendants designated as DOES 1 through 20 but will amend the Complaint when their identities have been ascertained according to proof prior to or at the time of trial.  Plaintiff alleges upon information and belief that each and every DOE Defendant is in some manner responsible for the acts and conduct of other Defendants, and were and are, responsible for the injuries, damages and harm incurred by Plaintiff.

5.     Plaintiff is informed, believes and thereon alleges, that at all times relevant during the liability period, that Defendants, and each of them, including without limitation those Defendants herein sued as DOES, were acting in concert or participating with each other, or were joint participants and collaborators in the acts complained of, and were the agents or employees of others in doing the acts complained of herein, each and all of them acting within the course and scope of said agency and/or employment by others, each and all of them acting in concert with the other and all together.

## II.  VENUE AND JURISDICTION

6.     Venue is proper in this Court because the injuries alleged in this Complaint occurred within Clark County.

## III.  FACTS AND ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7.     On or about September 18, 2019, Plaintiff, TWAINA M. PARNELL, was a passenger on a bus owned, managed, and operated by Defendant KEOLIS TRANSIT SERVICES, LLC. The driver of the bus, Defendant JANE DOE, didn't stop at Plaintiff's stop, after she had done everything to let the driver know she needed her to stop. The bus driver was very dismissive and rude, and Plaintiff and Defendant JANE DOE had a verbal dispute regarding the driver's failure to stop for Plaintiff. As Plaintiff was heading to her seat, the driver slammed on the brakes

in retaliation, causing Plaintiff to become airborne and fall on the floor, striking her head and landing on her right knee.

8.      Plaintiff TWAINA M. PARNELL was taken by ambulance to Desert Springs Hospital for her injuries immediately following this incident.

## V.  CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

**By Plaintiff Against Defendants, and Does 1-20, Inclusive**

**(Negligence)**

9.      Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 to 8 of the Complaint as though fully set forth herein.

10.      Defendant, JANE DOE, was operating the vehicle in a negligent, careless, reckless, and wanton manner.  That by reason of the Defendant's negligent acts and as a direct and proximate result thereof, Plaintiff sustained great pain of body and mind, and mental stress and anxiety, all or some of which conditions may be permanent and disabling in nature, all to Plaintiff's damage in an amount in excess of $15, 000.00 (Fifteen Thousand Dollars and No Cents).

11.      That by reason of the Defendants' negligent acts and as a direct and proximate result thereof, Plaintiff has incurred expenses for medical care and treatment and expenses incidental thereto, all to Plaintiff's damage, the present amount which is unknown; such expenses will continue in the future, all to Plaintiff's damages in a presently unascertainable amount.  In that regard, Plaintiff prays for leave of Court to insert all said damages herein when the same have been fully ascertained.

12.      That by reason of the Defendant's negligent acts and as a direct and proximate result thereof, Plaintiff, who was a well and able-bodied individual; as a direct and proximate results of the negligence, carelessness, recklessness and wantonness of said Defendants, and each

of them, has been absent from employment which has resulted in a loss of earnings capacity, all of Plaintiff's damage in an amount unknown at the present time. When the amount of said damages is ascertained, Plaintiff will make known said damages to this Court and all Defendants.

13.    As a direct and proximate result of these breaches of duty by Defendants, and DOES 1 through 20, Plaintiff continues to suffer physical and psychological injury, and suffered medical expenses for their physical and psychological injuries specifically alleged above, loss of and damage to personal property, and other expenses, all to Plaintiff's damages in an amount to be shown according to proof and within the jurisdiction of the Court.

14.    As a direct, legal and proximate result of these breaches of duty by Defendants, and DOES 1 through 20, Plaintiff was compelled to and did employ the services of hospitals, physicians and surgeons, nurses, and the like, to care for and treat Plaintiff's injuries, and did incur hospital, medical, professional and incidental expenses, and Plaintiff is informed and believes, and thereon alleges, that she will necessarily by reason of her injuries, incur additional like expenses for an indefinite period of time in the future, all to Plaintiff's damage in a sum to be shown according to proof.

15.    Plaintiff is informed and believes, and thereon allege, that the aforesaid conduct of Defendants, and DOES 1 through 20, was carried out with a willful and conscious disregard of Plaintiff's right to be free from such tortious behavior, such as to constitute oppression, fraud or malice, and that an officer, director, or managing agent of Defendants, and DOES 1 through 20, authorized or ratified the wrongful acts of the employees of Defendants, and DOES 1 through 20, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of Defendants, and DOES 1 through 20.

16.    That as a further direct and proximate result of the negligence and carelessness of Defendant, Plaintiff has been caused to retain AISEN GILL & ASSOCIATES, in order to prosecute this matter and is entitled to reasonable attorney's fees and costs of suit herein.

## SECOND CAUSE OF ACTION

**By Plaintiff Against Defendants, and Does 1-20, Inclusive**

**(Battery)**

17.    Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 to 16 of the Complaint as though fully set forth herein.

18.    Defendants, and DOES 1 through 20, intentionally and with reckless disregard did acts that were unconsented to by Plaintiff and therefore resulted in offensive contact with their persons, including but not limited to Defendant JANE DOE's deliberate choice slam on the brakes in order to cause injury to Plaintiff when the sudden braking caused Plaintiff to make contact with fixtures within the bus, as well as the ground.

19.    Defendants, and DOES 1 through 20, did the aforementioned acts with the intent to cause a harmful or offensive contact with the body of Plaintiff, or with a reckless disregard of the probability of causing such offensive contact.

20.    Defendants, and DOES 1 through 20, authorized or ratified the conduct of employees by: (1) not terminating such employees responsible for Plaintiff's injuries; (2) not training or retraining such employees; (3) turning a blind eye to previous complaints and not terminating management who has inadequately protected patrons against being deliberately injured by drivers; (4) allowing and tolerating a common practice and culture of extreme indifference by employees who do not look out for the health and safety of patrons; (5) not implementing adequate policies and procedures prior to Plaintiff's injuries to such incidents; and (6) not implementing any new policies and procedures after Plaintiff's injuries to prevent incidents of deliberate misconduct.

21.    As a direct, legal and proximate result of the actions of Defendants, and DOES 1 through 20, Plaintiff sustained serious injuries to her person, all to Plaintiff's damages in an amount to be shown according to proof and within the jurisdiction of the Court.

22.    As a direct, legal and proximate result of the aforesaid acts of Defendants, and DOES 1 through 20, Plaintiff was compelled to and did employ the services of hospitals,

1   physicians and surgeons, nurses, and the like, to care for and treat Plaintiff's injuries, and did incur

2   hospital, medical, professional and incidental expenses, and Plaintiff is informed and believes, and

3   upon such information and belief alleges, that she will necessarily by reason of her injuries, incur

4   additional like expenses for an indefinite period of time in the future, all to Plaintiff's damages in a

5   sum to be shown according to proof.

6         23.      Plaintiff is informed and believes, and thereon alleges, that the aforesaid conduct of

7   Defendants, and DOES 1 through 20, was carried out with a willful and conscious disregard of

8   Plaintiff's right to be free from such tortious behavior, such as to constitute oppression, fraud or

9   malice, and that an officer, director, or managing agent of Defendants, and DOES 1 through 20,

10  authorized or ratified the wrongful acts of the employees of Defendants, and DOES 1 through 20,

11  entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of

12  Defendants, and DOES 1 through 20.

13                          **THIRD CAUSE OF ACTION**

14         **By Plaintiff Against Defendants, and Does 1 Through 20, Inclusive**

15                  **(Intentional Infliction of Emotional Distress)**

16        24.      Plaintiff re-alleges and incorporates by reference the allegations contained in

17  paragraphs 1 to 23 of the Complaint as though fully set forth herein.

18        25.      The actions of Defendants, and DOES 1 through 20, were intentional, extreme, and

19  outrageous — namely, because of the following egregious and reckless conduct:  (1) Defendants',

20  and DOES 1 through 20, deliberate and reckless choice to slam on the brakes knowing that such

21  an action would cause injury to Plaintiff; (2) not terminating such employees responsible for

22  Plaintiff's injuries; (3) not training or retraining such employees; (4) turning a blind eye to

23  previous complaints and not terminating management who has inadequately protected patrons

24  against being deliberately injured by drivers' reckless misconduct; (5) allowing and tolerating a

25  common practice and culture of extreme indifference by employees who do not look out for the

26  health and safety of patrons; (6) not implementing adequate policies and procedures prior to

27  Plaintiff's injuries to such incidents; and (7) not implementing any new policies and procedures

28

1  after Plaintiff's injuries to prevent incidents of deliberate misconduct, which again exemplifies

2  their extreme indifference to the rights of their patrons and the value of the human life.

3        26.     Defendants', and DOES 1 through 20, actions were done with the intent to cause

4  serious emotional distress or with reckless disregard of the probability of causing Plaintiff serious

5  emotional distress.

6        27.     As a direct, legal and proximate result of the actions of Defendants, and DOES 1

7  through 20, Plaintiff suffered severe emotional distress that caused Plaintiff to sustain severe,

8  serious and permanent injuries to her person, all to Plaintiff's damages in a sum to be shown

9  according to proof.

10       28.     As a direct, legal and proximate result of the aforesaid actions of Defendants, and

11 DOES 1 through 20, Plaintiff was compelled to and did employ the services of hospitals,

12 physicians and surgeons, nurses, and the like, to care for and treat their injuries, and did incur

13 hospital, medical, professional and incidental expenses, and Plaintiff is informed and believes, and

14 upon such information and belief allege, that she will necessarily by reason of her injuries, incur

15 additional like expenses for an indefinite period of time in the future, all to Plaintiff's damage in a

16 sum to be shown according to proof.

17       29.     Plaintiff is informed and believes, and thereon allege, that the aforesaid conduct of

18 Defendants, and DOES 1 through 20, was carried out with a willful and conscious disregard of

19 Plaintiff's right to be free from such tortious behavior, such as to constitute oppression, fraud or

20 malice, and that an officer, director, or managing agent of Defendants, and DOES 1 through 20,

21 authorized or ratified the wrongful acts of the employees of Defendants, and DOES 1 through 20,

22 entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of

23 Defendants, and DOES 1 through 20.

24 **<u>FOURTH CAUSE OF ACTION</u>**

25 **By Plaintiff Against Defendants, and Does 1 Through 20, Inclusive**

26 **(Negligent Hiring, Supervision and Retention)**

27     30.     Plaintiff re-alleges and incorporates by reference the allegations contained in

28 paragraphs 1 to 29 of the Complaint as though fully set forth herein.

31.     Upon information and belief, Defendants KEOLIS TRANSIT SERVICES, LLC employed drivers, as well as management and other supervisory personnel for the purpose of supervising employees, to prevent accident and injuries to their riders, patrons, guests, and invitees.

32.     Said Defendants' failure to hire and/or train individuals as to how to prevent accident and injuries to their riders, patrons, guests, and invitees has directly and proximately resulted in Plaintiff's damages in an amount in excess of $15,000.00 subject to proof at trial.

33.     Plaintiff TWAINA M. PARNELL has been required to engage the services of various medical providers to care for and treat her injuries.  Plaintiff is entitled to reimbursement for past and future medical bills incurred as a result of the injuries that have caused her pain and suffering.

34.     Plaintiff TWAINA M. PARNELL has, since the incident on September 18, 2019, experienced pain and suffering, and will continue to endure future pain and suffering all to her general damages in an amount in excess of $15,000.00.

35.     As a direct and proximate result of Defendants KEOLIS TRANSIT SERVICES, LLC's negligence, Plaintiff was forced to retain an attorney and an award of attorney's fees and costs is warranted.

### REQUEST FOR PUNITIVE DAMAGES

**By Plaintiff Against Defendants, and Does 1 through 20, Inclusive**

**(Punitive Damages)**

36.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 to 35 of the Complaint as though fully set forth herein.

30.     On or about September 18, 2019, Plaintiff, while a patron of the Defendants, and DOES 1 through 20, was injured when Defendant JANE DOE, the bus driver, slammed on the

brakes with malicious intent, causing Plaintiff to become airborne and fall on the floor, striking her head and landing on her right knee.

36.     Defendants' and DOES 1 through 20, conduct alleged herein constitutes a conscious disregard for the safety and well-being of Plaintiff. This constitutes conscious disregard, malice and/or oppression.

37.     Plaintiff is entitled to exemplary and punitive damages in accordance with NRS 42.001.

38.     As a result of Defendants' and DOES 1 through 20, conscious disregard, and or malice towards Plaintiff, Plaintiff suffered bodily injuries and damages in excess of $15,000.00.

39.     That as a further proximate result of Defendants' conscious disregard, oppression and/or malice, Plaintiff has been compelled to retain the services of an attorney to prosecute this action and are, therefore, entitled to reasonable attorney's fees and costs incurred herein.

**WHEREFORE**, Plaintiff TWAINA M. PARNELL, reserves the right to amend this Complaint at the time of trial to include all items of damages not yet ascertained, prays for judgment against the Defendants, and each of them as follows:

1.  For general damages in excess $15, 000.00 (Fifteen Thousand Dollars and No Cents);

2.  For special damages in excess of $15, 000.00 (Fifteen Thousand Dollars and No Cents);

3.  For reasonable attorney's fees and costs of suit herein; and

4.  For such other and further relief as the Court shall deem just and proper.

DATED this 7th day of October, 2021.

*Michael Aisen*

_____
MICHAEL AISEN, ESQ.
Nevada State Bar No. 11036
AISEN, GILL & ASSOCIATES, LLP
723 South Third Street
Las Vegas, NV 89101
P: (702) 750-1590
F: (702) 548-6884

**Kiwanuka, Alexa**

| | |
|---|---|
| **From:** | no-reply@efilingmail.tylertech.cloud |
| **Sent:** | Thursday, October 7, 2021 11:44 AM |
| **To:** | EfileLasVegas |
| **Subject:** | Notification of Service for Case:  A-21-841259-C, Twaina Parnell, Plaintiff(s)vs.KEOLIS AMERICA INC., Defendant(s) for filing First Amended Complaint - FAC (CIV), Envelope Number: 8682665 |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

**[EXTERNAL EMAIL]**



# Notification of Service

Case Number: A-21-841259-C
Case Style: Twaina Parnell, Plaintiff(s)vs.KEOLIS
AMERICA INC., Defendant(s)
Envelope Number: 8682665

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | A-21-841259-C |
| **Case Style** | Twaina Parnell, Plaintiff(s)vs.KEOLIS AMERICA INC., Defendant(s) |
| **Date/Time Submitted** | 10/7/2021 11:43 AM PST |
| **Filing Type** | First Amended Complaint - FAC (CIV) |
| **Filing Description** | First Amended Complaint |
| **Filed By** | Michael Aisen |
| **Service Contacts** | Twaina M. Parnell:<br><br>Michael Aisen (mike@aisengill.com)<br><br>Diana Valencia (diana@aisengill.com)<br><br>Jasmine Taylor (taylor@aisengill.com)<br><br><br>Other Service Contacts not associated with a party on the case:<br><br>Michael Lowry (michael.lowry@wilsonelser.com) |

| | Efile LasVegas (efilelasvegas@wilsonelser.com) |
|---|---|
| | Amanda Hill (amanda.hill@wilsonelser.com) |

| Document Details | |
|---|---|
| **Served Document** | [Download Document](Download Document) |
| This link is active for 30 days. | |